# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN SONNER on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SCHWABE NORTH AMERICA, INC. and NATURE'S WAY PRODUCTS, LLC,<br><br>Defendants. | Case No. 5:15-cv-01358-VAP (SPx)<br><br>**CLASS ACTION**<br><br>**ORDER GOVERNING THE DISCLOSURE OF PRIVILEGED INFORMATION**<br><br>USMJ:      Sheri Pym<br>Courtroom: 3 or 4, 3rd Fl., R'side<br><br>Date Filed:  July 7, 2015<br>Trial Date:  TBD |

Discovery in this action is likely to involve production of confidential, proprietary, private, trade secret, or otherwise Protected Material for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, plaintiff Kathleen Sonner and defendants Schwabe North America, Inc. and Nature's Way Products, LLC (collectively, "Parties"), by and through their respective counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby stipulate to and petition the Court to enter the following stipulated protective order ("Stipulated Protective Order" or "Order"):

1. **GOOD CAUSE STATEMENT.** This action is likely to involve trade secrets; non-public business or financial information and/or confidential competitive information that, if disclosed, could result in competitive harm to the disclosing Party, including but not limited to customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted; non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation; or information sought that is the subject of a protective order obtained pursuant to Fed. R. Civ. P. 26(c)(1)(G). Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the

parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record in this case.

2. **DEFINITIONS.**

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Item: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.3    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.  Receiving Parties are required to disclose any Receiving Party's Expert's relationship with a competitor of a

Designating Party that pre-exists or arises while the Expert is in possession of Protected Material.

2.7   "HIGHLY CONFIDENTIAL" Information or Item: the subset of CONFIDENTIAL information that contains information of an extremely sensitive nature as to which the Designating Party has a good faith belief that disclosure to a Receiving Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8   House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and their support staff.

2.11   Party: any party to this Action, including all of its officers, directors, employees, and their support staff.

2.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE.**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. **DURATION.**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Before trial, the parties will meet and confer regarding the public filing of Protected Material at trial, and will address the issue before the district judge. Nothing in this Order prevents the Court from ruling that Protected Material will be filed publicly at trial.

5. **DESIGNATING PROTECTED MATERIAL.**

5.1   Right to Designate. Any Party or Non-Party responding to any request to exchange information, or any discovery in the Action, who objects to the disclosure of Protected Material may disclose such Protected Material pursuant to the terms of this Order.

5.2   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies

under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.3   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.3(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (*e.g.*, paper or electronic documents, including written discovery responses and attachments thereto, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend" or "HIGHLY CONFIDENTAL legend"), or substantially similar language to each page that contains protected material, to the extent practicable. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly

identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) to the extent practicable.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed HIGHLY CONFIDENTIAL. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material to the extent practicable. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) to the extent practicable.

(b)     For testimony given in depositions, that the Designating Party identify the Protected Material on the record before the close of the deposition or in a writing served on counsel for all parties within 30 days after receipt of the deposition transcript. Transcripts will be treated as CONFIDENTIAL OR HIGHLY CONFIDENTIAL for this 30-day period.

(c)     For electronically-stored information that cannot be labeled on each page, or other information produced in a form other than documentary, the Designating Party shall provide written notice of the designation of the Protected Material to the Receiving Party and affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" or substantially similar language in a prominent place on the medium used to produce the information or item or on the exterior of the container(s) in which the information or item is stored. If the Protected Material is produced in an electronic form with a load file, the Designating Party shall note the

degree of confidentiality of the Protected Material in the load file. A Receiving Party shall not transmit information produced in accordance with this paragraph without informing any recipient of the information of its protected nature.

5.4   De-Designation. Nothing in this Order shall be deemed to preclude a Designating Party from de-designating any Protected Material at any time. The Designating Party shall notify all Receiving Parties in writing of its intent to de-designate, at which time the document or information shall no longer be treated as Protected Material under this Order. The Designating Party shall also produce new copies of the documents or information without any confidentiality designations, and shall bear all reasonable costs related thereto.

6.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order, and in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

6.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, *et seq*.

6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge or as otherwise ordered by the Court.

7.   **ACCESS TO AND USE OF PROTECTED MATERIAL.**

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this

Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Paragraph 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party;

(b)   the Producing Party;

(c)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record, but only if: (1) it is reasonable to disclose the document or information to them for purposes of the Action; (2) they are not Parties; and (3) they are not officers, directors, or employees of Parties, of affiliates of parties, or of competitors of Parties;

(d)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(e)   Experts (as defined in this Order) of the Receiving Party for purpose of assisting in the Action, but only if: (1) it is reasonable to disclose the document or information to them for purposes of the Action; (2) they are not Parties; (3) they are not officers, directors, or employees of Parties, or affiliates of Parties; and (4) they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   the court and its personnel;

(g)   court reporters and their staff;

    (h)  professional jury or trial consultants, mock jurors, copy service, reporting or transcribing services, ESI vendors, and other Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (i)  the author or recipient of a document containing the information, or a custodian of the records;

    (j)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the witnesses and attorneys for witnesses sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information after the testimony is concluded, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

    (k)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

    (l)  any other person with the written consent of the Designating Party. If agreement cannot be reached, the Parties may submit the matter to the Court for resolution pursuant to paragraph 6.

   7.3  <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

    (a)  the Receiving Party;

    (b)  the Producing Party;

    (c)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record, but only if: (1) it is reasonable to disclose the document or information to them for purposes of the Action;

(2) they are not Parties; and (3) they are not officers, directors, or employees of Parties, of affiliates of parties, or of competitors of Parties;

  (d) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

  (e) Experts (as defined in this Order) of the Receiving Party for purpose of assisting in the Action, but only if: (1) it is reasonable to disclose the document or information to them for purposes of the Action; (2) they are not Parties; (3) they are not officers, directors, or employees of Parties, or affiliates of Parties; and (4) they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (f) the court and its personnel;

  (g) court reporters and their staff;

  (h) professional jury or trial consultants, mock jurors, copy service, reporting or transcribing services, ESI vendors, and other Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (i) the author or recipient of a document containing the information, or a custodian of the records;

  (j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

  (k) any other person with the written consent of the Designating Party. If agreement cannot be reached, the parties may submit the matter to the Court for resolution pursuant to paragraph 6.

  8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

    (a) notify in writing the Designating Party within five (5) business days of receipt of said written notice or seventy-two (72) hours in advance of the return date of the subpoena or other process or order, whichever is earlier, to enable the Designating Party to take whatever action it deems appropriate. Such notification shall include a copy of the subpoena or court order;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected, including but not limited to not complying with the subpoena, process, or order before the last day specified for compliance therewith.

    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

    (a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing

in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(d) In order to provide the Parties with an adequate opportunity to designate Non-Party Disclosures as "CONFIDENTIAL or "HIGHLY CONFIDENTIAL," all Non-Party Disclosures shall be deemed "HIGHLY CONFIDENTIAL" whether or not so designated, for a period of fifteen (15) days following production. The Receiving Party may challenge the designation of Non-Party Disclosures by a Designating Party as provided in Paragraph 6 of this Order.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate Disclosure or Discovery Material does not, standing alone, waive the Designating Party's right to secure protection under this Order for such Disclosure or Discovery Material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the Disclosure or Discovery Material is treated in accordance with the provisions of this Order and to collect in good faith all Protected Material from persons or entities who would not have been entitled access thereto if the material had been so designated at the outset.

12. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. If a Party inadvertently or mistakenly produces any production that is subject to a claim of privilege or work-product immunity ("Privileged Material"), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for the inadvertently

produced document or any other document covering the same or a similar subject matter under applicable law, including Federal Rule of Evidence 502. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of Privileged Material in this proceeding shall not constitute a waiver of any applicable privilege, protection, or prohibition from disclosure of that Privileged Material in any other federal or state proceeding.

If a Party has inadvertently or mistakenly produced Privileged Material, and if the Party makes a written request for the return of such Privileged Material, the Privileged Material for which a claim of inadvertent production is made (including any transcripts, analyses, memoranda, or notes that were internally generated based upon such inadvertently-produced Privileged Material), as well as all copies, shall be returned or destroyed. The Party's written request shall provide sufficient information to the Receiving Party regarding the asserted privilege(s) in the form of a privilege log. If the Receiving Party disputes the assertion of privilege, within fourteen days, the Receiving Party may move the Court for an order regarding the disputed privilege claim, but such motion shall not assert the fact or circumstance of the inadvertent production as a ground for entering such an order. If such a motion is made, the Designating Party shall, upon request or order of the Court, submit to the Court for *in camera* review under seal a copy of the potentially Privileged Material in dispute. Notwithstanding this Order, no Party will be prevented from moving the Court for an order compelling the production of documents for which the privilege has been waived pursuant to, *inter alia*, the crime-fraud exception.

Nothing within this Order will prejudice the right of any Party to object to the production of any Protected Material on the grounds that the Protected Material is protected as privileged or as attorney work product.

13. **MISCELLANEOUS.**

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

The Parties expressly agree the designation of any information, document, or thing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Order or to the Parties' designation of any information, document, or thing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or other designation(s) used by the Parties, is wholly insufficient to warrant a filing under seal. The Parties' mere designation of any information, document, or thing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or other designation(s) used by the Parties, does not – without the submission of competent evidence, in the form of a declaration(s) establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protected – constitute good cause.

14.   **FINAL DISPOSITION.**

After the final disposition of this Action, including all appeals (whether by judgment, settlement or otherwise) within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected

Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. To the extent it is not reasonably possible to destroy or return certain Protected Material in the possession of a Receiving Party (*e.g.*, some Protected Information was attached to an email) such Receiving Party agrees to maintain the confidentiality of such Protected Information and shall provide a written certification to that effect. Notwithstanding this provision, Parties and Counsel shall not be required to delete information that may reside in their respective firms' or other electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files that are not reasonably accessible. However, Parties and their counsel shall not retrieve any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material from said electronic disaster recovery system or other not-reasonably accessible data sources after the conclusion of the Action. Additionally, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

15. **VIOLATION OF ORDER.** Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

16. **NO COMPELLED DISCLOSURE.** Nothing in this Order shall compel a party to make a Disclosure.

17. **RIGHT TO ASSERT OTHER OBJECTIONS.** Nothing in this Order shall limit a person or entity's right to seek or object to discovery of and/or the disclosure of information or documents on any basis, including but not limited to, being Protected Material, alter the burdens for objecting to, or obtaining discovery of, Protected Material, or affect the admissibility or inadmissibility of any Protected Material; nor shall this Order preclude any person or entity from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or Local Rules of the United States District Court of the Central District of California.

18. **JURISDICTION.** The Court shall retain jurisdiction following termination of the Action for the purpose of enforcing any provisions of this Order.

19. **MODIFICATION BY PARTIES.** This Order may be modified by written agreement of the Parties, subject to approval by the Court.

20. **MODIFICATION BY COURT.** The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

21. **RESPONSIBILITY OF ATTORNEYS.** Outside Counsel of Record are responsible for employing reasonable measures to control and track, consistent with this Order, access to and distribution of information, including abstracts and summaries thereof.

22. **RIGHT TO FURTHER RELIEF.** Nothing in this Order abridges the right of any person or Party to seek its modification by the Court in the future. This Order may be amended or superseded by written agreement of the Parties and order of the Court, or by order of the Court. In the event that such modification is sought, the Parties reserve the right to raise any and all arguments and invoke any and all laws

1  in opposition to such modification. Any modification sought shall not apply unless
2  and until ordered by the Court.
3  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**
4
5
6  Dated: February 12, 2016
                                   THE HONORABLE SHERI PYM
                                   UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Sonner v. Schwabe North America, Inc. et al.*, Case No. 5:15-cv-01358 VAP (SPx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____