**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| KATHLEEN SONNER, on behalf of herself and all others similarly situated,<br>       *Plaintiff-Appellant*,<br><br>v.<br><br>SCHWABE NORTH AMERICA, INC.; NATURE'S WAY PRODUCTS, LLC,<br>       *Defendants-Appellees.* | No. 17-55261<br><br>D.C. No. 5:15-cv-01358-VAP-SP<br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Argued and Submitted May 16, 2018
Pasadena, California

Filed December 26, 2018

Before: Kim McLane Wardlaw, Jacqueline H. Nguyen,
and John B. Owens, Circuit Judges.

Per Curiam Opinion

# SUMMARY[*]

### False Advertising Claims

The panel reversed the district court's summary judgment in favor of sellers of two nutritional supplements in a consumer class action alleging false advertising claims under California's Unfair Competition Law ("UCL"), and the Consumers Legal Remedies Act ("CLRA").

The panel clarified that UCL and CLRA claims are to be analyzed in the same manner as any other claim, and the usual summary judgment rules apply. The panel held that under California law, the plaintiff has the burden of proving by a preponderance of the evidence that a challenged advertisement is false or misleading under the UCL and CLRA. To defeat summary judgment, the plaintiff need only produce evidence of a genuine dispute of material fact that could satisfy the preponderance of the evidence burden at trial. The panel further held that the plaintiff met her burden by producing expert testimony and other scientific data that the nutritional supplement had no more of an effect on mental sharpness, memory, or concentration than a placebo. The panel held that the district court erred by requiring plaintiff to do more, and by elevating plaintiff's burden well beyond what is usually required to defeat summary judgment. The panel remanded for further proceedings.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Leslie E. Hurst (argued), Paula R. Brown, Thomas J. O'Reardon II, and Timothy G. Blood, Blood Hurst & O'Reardon LLP, San Diego, California; Todd D. Carpenter, Carlson Lynch Sweet Kilpela & Carpenter LLP, San Diego, California; for Plaintiff-Appellant.

Michael P. Bryant (argued), Gordon & Rees LLP, San Diego, California; Thomas R. Watson, and Kevin W. Alexander, Gordon & Rees LLP, Los Angeles, California; for Defendants-Appellees.

Jeffrey S. Jacobson, Kelley Drye & Warren LLP, New York, New York, for Amicus Curiae Council for Responsible Nutrition.

**OPINION**

PER CURIAM:

Kathleen Sonner filed a consumer class action against the sellers of two Ginkgold nutritional supplements for violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL"), the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq. ("CLRA"), and breach of express warranty. Sonner alleges that these products were falsely labeled as capable of improving various cognitive functions when in fact they provided no such benefits. Although she supported her claims with expert opinion and other scientific evidence, the district court granted summary judgment in favor of the sellers because they produced contrary expert evidence. District courts in our circuit appear to be split on the

summary judgment standard that applies to false advertising claims under California's UCL and CLRA. *Compare Korolshteyn v. Costco Wholesale Corp.*, No. 3:15-cv-709-CAB-RBB, 2017 WL 3622226, at *5–6, *12–13 (S.D. Cal. Aug. 23, 2017) (holding that where the scientific evidence is equivocal, summary judgment in favor of a defendant is appropriate because the false labeling claims cannot be literally false), *with Farar v. Bayer AG*, No. 14-cv-04601-WHO, 2017 WL 5952876, at *17–18 (N.D. Cal. Nov. 15, 2017) (holding that where the plaintiffs' expert testimony supported their claim that the defendants' products provide no measurable benefit, and the defendants' expert opined to the contrary, "such conflicting evidence would merely create a genuine issue of material fact inappropriate for summary adjudication"). Today we clarify that UCL and CLRA claims are to be analyzed in the same manner as any other claim, and the usual summary judgment rules apply. We reverse and remand.

## I.

Schwabe North America, Inc. and Nature's Way Products (collectively, "Schwabe") market and sell nutritional supplements, including two products known as "Ginkgold Advanced Ginkgo Extract" and "Ginkgold Max Advanced Ginkgo Extract Max." The labels on both products tout benefits to "mental sharpness," "memory," and "concentration."

On July 7, 2015, Sonner filed a class action complaint against Schwabe for violations of California's UCL, CLRA, and breach of express warranty.[1] Sonner alleges that the

---

[1] Sonner also asserted a claim under the Wisconsin Unfair Trade Practices Act, which is not before us on appeal.

operative ingredient in both products, the EGb 761 variety of Ginkgo biloba extract, does not actually have any of the advertised cognitive benefits. On September 14, 2016, Schwabe moved for summary judgment, supporting its motion with expert testimony from Dr. Alan F. Shatzberg, as well evidence from randomized controlled trials, that Ginkgo biloba benefits cognitive function. In opposition, Sonner produced expert testimony from Dr. Beth E. Snitz, who analyzed several clinical studies and meta-analyses to conclude that "Ginkgo biloba is no more effective than [a] placebo for improving cognitive functioning or preventing cognitive decline." Sonner also proffered independent reviews and meta-analyses, randomized controlled trials, and a scientific review article to support her contention that Ginkgo biloba does not benefit cognitive functions.

On February 2, 2017, the district court granted summary judgment in favor of Schwabe. The district court acknowledged that "both sides have produced expert testimony and scientific research in support of their claims," but it nevertheless granted Schwabe summary judgment on the ground that Sonner failed to critique the expert testimony and each of the scientific studies proffered by Schwabe. The district court reasoned that because Sonner fell short in "challenging the methodology, structure, or independence of [Schwabe's] studies," her evidence is "insufficient to allow a reasonable juror to conclude that there is no scientific support for [Schwabe's] claims." Sonner timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1138 (9th Cir. 1997).

6        Sonner v. Schwabe North America

### III.

Summary judgment is appropriate only when "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "[T]he determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial. *See id.* at 254–55; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Under California law, the plaintiff has the burden of proving by a preponderance of the evidence that a challenged advertisement is false or misleading under the UCL and CLRA.[2] *See Paduano v. Am. Hondo Motor Co.*, 169 Cal. App. 4th 1453, 1463, 1472, 1473 (2009); *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*, 107 Cal. App. 4th 1336, 1341–42 (2003). Therefore, to defeat summary judgment, Sonner need only produce evidence of a genuine dispute of material fact that could satisfy the preponderance of the evidence burden at trial. *See Celotex*, 477 U.S. at 322–23. Sonner easily met her burden by producing expert testimony and other scientific data that Ginkgo biloba has no more of an effect on mental sharpness, memory, or concentration than a placebo. *See Provenz v. Miller*, 102 F.3d 1478, 1490 (9th Cir. 1996) ("As a general rule, summary judgment is inappropriate where an expert's testimony supports the non-moving party's case." (quoting

---

[2] The UCL prohibits any "unfair, deceptive, untrue[,] or misleading advertising." Cal. Bus. & Prof. Code § 17200. The CLRA generally prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770.

| SONNER V. SCHWABE NORTH AMERICA | 7 |
|---|---|

*In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1425 (9th Cir. 1994))). By requiring Sonner to do more—by not only producing affirmative expert evidence of her own but also "foreclos[ing] any possibility" that Schwabe's products provided the labeled benefits—the district court elevated Sonner's burden well beyond what is usually required to defeat summary judgment. Again, a plaintiff need only show a triable issue of material fact to proceed to trial, *see* Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 255, not foreclose any possibility of the defendant's success on the claims. At trial, undoubtedly each party will seek to undermine the scientific bases underlying the opinion of the opposing party's expert. Those arguments, however, go to the weight that the fact-finder should give to the evidence, an inquiry that is not proper at the summary judgment stage.

Schwabe argues that a more exacting summary judgment standard applies to false advertising claims brought under the UCL and CLRA, relying on a Fourth Circuit decision, *In re GNC Corp.*, 789 F.3d 505 (4th Cir. 2015). The court in that case affirmed the district court's dismissal of the plaintiffs' UCL and other state false advertising claims for failure to state a claim. *In re GNC Corp.*, 789 F.3d at 518. The court reasoned that because the plaintiffs did "not allege that *all* scientists agree that [the products] are ineffective at providing the promised [] benefits," they failed to show as a matter of law that the advertised claims are false. *Id.* at 515 ("When litigants concede that some reasonable and duly qualified scientific experts agree with a scientific proposition, they cannot also argue that the proposition is 'literally false.'"). Some district courts in our circuit have adopted similar reasoning in weighing competing expert evidence in false advertising cases at the summary judgment stage. *See, e.g.*, *Korolshteyn*, 2017 WL 3622226, at *5–6, *12–13; *cf. Mullins v. Premier Nutrition Corp.*, 178 F. Supp.

8          SONNER V. SCHWABE NORTH AMERICA

3d 867, 893–96 (N.D. Cal. 2016) (accepting *In re GNC Corp.'s* standard for literal falsity claims, but denying summary judgment because the plaintiff successfully undermined the defendant's supporting expert testimony and scientific research). Other district courts in our circuit have flatly disagreed. *See, e.g.*, *Racies v. Quincy Bioscience, LLC*, No. 15-cv-00292-HSG, 2017 WL 6418910, at *4 (N.D. Cal. Dec. 15, 2017) ("The Court is not persuaded by *In re GNC* or *Korolshteyn*, and does not believe the California Supreme Court would adopt their reasoning."); *Farar*, 2017 WL 5952876, at *17 (stating that conflicting expert evidence "would merely create a genuine issue of material fact inappropriate for summary adjudication").

We are unpersuaded by the notion that a plaintiff must not only produce affirmative evidence, but also fatally undermine the defendant's evidence, in order to proceed to trial. "[A]bsolute certainty is not the evidentiary benchmark in civil (or even criminal) litigation," *Hobbs v. Gerber Prods. Co.*, No. 17 CV 3534, 2018 WL 3861571, at *7 (N.D. Ill. Aug. 14, 2018), and it has never been the standard for weighing conflicting evidence for purposes of summary judgment. If the plaintiff's evidence suggests that the products do not work as advertised and the defendant's evidence suggests the opposite, there is a genuine dispute of material fact for the fact-finder to decide. We see no reason to diverge from the usual summary judgment rules for UCL and CLRA claims.

Schwabe also argues that Sonner's claims are essentially "lack of substantiation" claims, which private plaintiffs are prohibited from pursuing under California law. *See King Bio Pharms., Inc.*, 107 Cal. App. 4th at 1344. The district court rejected this argument, and so do we. Sonner has the burden of proof as to her claims, unlike a substantiation claim where

SONNER V. SCHWABE NORTH AMERICA 9

the onus is on the defendant to substantiate the assertions in its advertisements. *See id.* at 1340, 1343–46.

\*     \*     \*

We therefore reverse the district court's judgment in favor of Schwabe as to the UCL and CLRA claims, as well as the breach of express warranty claim that relies on the same evidence.[3] We remand for further proceedings.

**REVERSED AND REMANDED.**

---

[3] Sonner's unopposed request for judicial notice is **GRANTED**.